United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

AHMAD HERRING,

          Plaintiff,

    v.

LEE DUDEK, et al.,

          Defendants.

Case No.  25-cv-01924-RMI

**ORDER RESOLVING SOCIAL SECURITY APPEAL**

Re: Dkt. Nos. 12, 14

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision finding that Plaintiff was not disabled under Title II the Social Security Act. (AR at 1207–1224.)[1] The Appeals Council of the Social Security Administration declined to review the ALJ's decision. (AR at 1197.) As such, the ALJ's decision is a "final decision" of the Commissioner of Social Security, appropriately reviewable by this court. (*See* 42 U.S.C. § 405(g), 1383(c)(3).) Both parties have consented to the jurisdiction of a magistrate judge (dkts. 2, 19), and both parties have filed briefs (dkts. 12, 14, 18). For the reasons stated below, the decision of the ALJ is AFFIRMED.

**LEGAL STANDARDS**

The Social Security Act limits judicial review of the Commissioner's decisions to final decisions made after a hearing. 42 U.S.C. § 405(g). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." (*Id.*) A district court has limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence

---

[1] The Administrative Record ("AR"), which is independently paginated, has been filed in fifteen attachments to Docket Entry #9. *See* Dkts. 9-1 through 9-15.

or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*Id.* at 1154) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## SUMMARY OF THE CLAIMS

Plaintiff argues that this court should reverse the Commissioner's final decision and remand, on the grounds that (1) the ALJ erred when she failed to fairly and fully develop the record and that her effort to develop the record was "insufficient" to honor the undersigned's previous order to remand[2]; (2) Plaintiff's due process rights were violated when he did not receive a final list of exhibits, and that this violation should be recognized, his prior claim reopened, and the pre-2017 "controlling weight" standard applied to his treating physician's report, and the pre-2017 deferential standard applied to the VA's 100% disability determination; and (3) the ALJ failed to base her decision denying benefits to Plaintiff on substantial evidence. (Pl. Mot., Dkt. 12, at 7–17.) With respect to the first argument, Plaintiff argues that the ALJ failed to make "reasonable efforts" to comply with the undersigned's 2023 Order, and that the ALJ wrongly

---

[2] As further explained below, the undersigned remanded that previous action, and ordered the Social Security Administration to "send questionnaires to Dr. Uzzell and the VA or subpoena the records upon which their decisions was based." (AR at 1311.)

2

United States District Court
Northern District of California

based "the reasonableness of her efforts on a single unanswered letter to Dr. Uzzell." (*Id.* at 8.) Plaintiff also argues that it is the ALJ's responsibility to develop the record, and not the responsibility of counsel, and that the "sole" attempt to obtain questionnaires from Dr. Uzzell, Plaintiff's current treating physician, was unreasonable. (*Id.*) Plaintiff also argues that the ALJ should have obtained Medical Expert testimony specific to the issue of medical equivalence, in order to determine whether or not Plaintiff met or medically equaled a listing. (*Id.* at 9.) In response, Defendant argues that the court should defer to the ALJ's conclusions and affirm because (1) the ALJ reasonably found that further record development was unnecessary; (2) the Agency and the undersigned already determined that Plaintiff's due process rights were not violated, and that Plaintiff has presented no new medical evidence that warrants a different outcome; and (3) substantial evidence supported the ALJ's evaluation of the record—including that the ALJ reasonably evaluated the opinion evidence from Dr. Uzzell as well as the VA Disability rating. (Def's. Mot., Dkt. 14, at 1–2.)

**DISCUSSION**

Plaintiff's case is back before the court following the undersigned's remand in 2023. *Ahmad H. v. Kijakazi*, No. 22-cv-02469-RMI, 2023 WL 6301060, at *10 (N.D. Cal. Sept. 26, 2023). In that prior case, Plaintiff filed a claim for review of the ALJ's denial of benefits under two theories. First, whether the ALJ used the appropriate standard in evaluating expert medical opinions and the Department of Veterans Affairs' ("VA") disability determination, and second, whether the ALJ fully and fairly developed the record. (*Id.* at 2.) As to the first issue, the court considered whether the blank exhibit list[3] rose to the level of a colorable constitutional claim and found that it did not. As a result, the undersigned found that it did not have jurisdiction to review the Commissioner's decision not to reopen Plaintiff's 2013 application. Therefore, the court concluded that July 3, 2019, was the appropriate filing date upon which to base the ALJ's standards of review. (*Id.* at 11.) This finding as to the appropriate filing date permitted the court to reject two of Plaintiff's arguments for remand. (*Id.* at 12) ("This finding disposes of two of

---

[3] Earlier in this case, Plaintiff had discovered that the 2015 ALJ decision had, in error, a blank exhibit list attached. (*Id.* at 5.)

United States District Court
Northern District of California

Plaintiff's arguments for remand—that the pre-2017 'controlling weight' standard applies to his treating physician's report, and that the pre-2017 deferential standard applies to the VA's 100% disability determination.").

As to the second issue, Plaintiff argued that the ALJ had failed to fully develop the record. The undersigned agreed, finding that "[t]he ALJ had a responsibility to further investigate whether the 'paucity of records' was due to an absence of disability, or whether the VA and Dr. Uzell relied upon objective evidence of Plaintiff's mental and physical health that, if supplied, would form a more complete picture of Plaintiff's disability for the Commissioner to consider." (*Id.* at 16.) As such, the undersigned remanded the case with instructions. (*Id.* at 3.) Specifically, the undersigned ordered the ALJ to 1) send questionnaires to Dr. Uzzell, and the VA, or to subpoena the records upon which their opinions were based with respect to the Plaintiff's disability between February 22, 2008 and September 30, 2011, and 2) to convene and conduct a second hearing in the event that new evidence of Plaintiff's disability surfaces as a result of further inquiry into the above-mentioned records. (*Id.* at 16–17.)

In general, it is the duty of the claimant to prove to the ALJ that he or she is disabled. 20 C.F.R. § 404.1512(a). Thus, a claimant must bring to the ALJ's attention everything that supports a disability determination, including medical or other evidence relating to the alleged impairment and its effect on his or her ability to work. (*Id.*) The ALJ has the responsibility to develop "a complete medical history" and to "make every reasonable effort to help [the claimant] get medical reports." 20 C.F.R. § 404.1512(d). The ALJ has the duty to develop the record when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001); *see* 20 C.F.R. §§ 404.1512(e), 416.912(e). The ALJ may discharge this duty in several ways, including submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tonapetyan,* 242 F.3d at 1150.

Here, following this court's remand, the ALJ followed this court's instructions by sending a questionnaire to Dr. Uzzell, requesting records from the VA, and holding another hearing. (AR at 1311, 1207.) Instead of responding to the questionnaire, Dr. Uzzell ultimately provided a

4

treatment source statement that was added to the record at Exhibit 19F along with the requested VA records. (AR at 1469–1569, 1570.) It appears that even Plaintiff's counsel tried unsuccessfully many times to get the treatment records from Dr. Uzzell and failed—suggesting that, as a practical matter, further attempts to request the records, if they exist, would be fruitless. (AR at 1464.). The court thus finds that the ALJ discharged her duty to develop the record by submitting questions to Dr. Uzzell, requesting the VA records, and holding a third hearing.

Consequently, at step five, the ALJ determined that Plaintiff is unable to perform any past relevant work, including work as a Mail Carrier. (AR at 1222.) Based on a VE's testimony, the ALJ determined that Plaintiff could perform the requirements of Retail Marker, Routing Clerk, and Cashier II. (*Id.* at 1224.) Accordingly, the ALJ determined that Plaintiff was not disabled at any time during the relevant period—between February 22, 2008, and September 30, 2011. (*Id.*)

The court agrees. The conclusions in Dr. Uzzell's one-page letter about the onset and severity of Plaintiff's depression during the relevant period are completely without basis; the new VA records, similarly, are largely related to appointments that fall far outside of the relevant time-period (*e.g.,* 2023), and the records that are relevant fail to paint a more complete picture of Plaintiff's disability for the Commissioner to consider.[4] Thus, the ALJ's decision at step five was reasonable and supported by substantial evidence. Additionally, given the lack of new evidence of disability in these records, the court finds that it was reasonable for the ALJ to decline to obtain medical expert testimony on the issue of medical equivalence in this case.

With respect to the arguments that Plaintiff previously raised before this court (*e.g.,* that the pre-2017 standard should apply to Plaintiff's treating physician's report and to the VA's 100% disability determination), the court disposed of these issues in the 2023 Order when it rejected Plaintiff's alleged constitutional violation, *Ahmad H. v. Kijakazi,* 2023 WL 6301060, at *7, and Plaintiff has presented no evidence warranting reconsideration. And for those same reasons, those claims are rejected here. Accordingly, the decision of the ALJ is AFFIRMED.

_____

[4] The relevant doctor notes, for example, report that Plaintiff's energy "comes and goes" and that he was diagnosed with adjustment disorder—but also that he "usually likes to socialize" and is not an anxious person. (AR at 1526–27.)

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the court finds that the ALJ decision was supported by substantial evidence. Accordingly, the decision of the ALJ is **AFFIRMED**. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: March 27, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

6